# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Gene Sims, | ) |
| | ) Civil Action No. 5:16-cv-01026-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Ryder Truck Rental, Inc.; McLane | ) |
| Company, Inc.; Meadowbrook Meat Co.; | ) |
| Henry's Soc. LLC; and Sherman Hardy, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court pursuant to Plaintiff Gene Sims' ("Plaintiff") Motion to Remand this case to the Court of Common Pleas for Orangeburg County. (ECF No. 6.) Defendants Ryder Truck Rental, Inc., McLane Company, Inc., Meadowbrook Meat Company, Henry's Social, and Sherman Hardy (collectively, "Defendants"), oppose Plaintiff's Motion to Remand and request that the court retain jurisdiction. (ECF No. 7.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand. (ECF No. 6.)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2015, Plaintiff filed a complaint for a jury trial in the Court of Common Pleas in Orangeburg County, South Carolina. (ECF No. 1-1 at 7.) This lawsuit stems from an incident where Plaintiff's wife alleges she was injured while unloading items from a delivery truck. (ECF No. 1 at 2.) Plaintiff's wife filed a lawsuit in the Court of Common Pleas in Orangeburg County. (Civil Action No. 5:16-cv-01025-JMC, Docket No. 1-1 at 5.) Plaintiff filed the instant loss of consortium lawsuit in the same venue. (ECF No. 1-1 at 11.) Both cases were removed to this court, but were not consolidated for procedural purposes. (ECF No. 6 at 1.) Plaintiff's wife moved

1

to remand her case to state court on April 15, 2016. (5:16-cv-01025-JMC, Docket No. 5.) The court granted Plaintiff's wife's motion to remand her case to state court on October 24, 2016. (5:16-cv-01025-JMC, Docket No. 12.) For jurisdictional purposes, Plaintiff asserts that he is a resident of the State of South Carolina. (ECF No. 6 at 2.) Plaintiff did not specify the amount of damages in the Complaint, but asked for judgment against Defendants in a sum sufficient to adequately compensate for actual damages, for such punitive damages as the jury may reasonably award, for the cost of this action, and for such other and further relief as the court may deem just and proper. (ECF No. 1-1 at 12.)

On April 1, 2016, Defendants filed a Notice of Removal (ECF No. 1) asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy is met. (ECF No.1 at 4 ¶ 5.)

On October 26, 2016, Plaintiff filed a Motion to Remand asserting that (1) both Plaintiff and Defendant Henry's SOC, LLC are residents/entities of the State of South Carolina, (2) complete diversity of jurisdiction does not exist as to all parties, and did not exist when the Notice of Removal was filed, and (3) this Court lacks subject matter jurisdiction due to the absence of complete diversity of citizenship and federal question.

On November 14, 2016, Defendants filed a Response in Opposition to Plaintiff's Motion to Remand (ECF No. 7) asserting that subject matter jurisdiction does exist because (1) Plaintiff failed to properly serve Defendant Henry's, (2) Plaintiff has no intention to obtain a joint judgment against Defendant Henry's, and (3) Plaintiff has no evidentiary basis to support a premises liability claim against Defendant Henry's. (ECF No. 7 at 5-6.)

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a) (2012). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a) (2012). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege such in notice of removal and, when challenged, demonstrate basis for jurisdiction).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing *e.g., St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("if [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted). However, where a complaint includes a request for nonmonetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the notice of removal to determine the amount in controversy. 28 U.S.C. §

1446(c)(2)(A) (2012). If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a), then removal is proper. 28 U.S.C. § 1446(c)(2)(B).

Additionally, section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III.    ANALYSIS

The dispute in this matter is whether complete diversity exists between the parties pursuant to 28 U.S.C. § 1332. Defendants assert that the district court has original jurisdiction because Defendant Henry's – a company incorporated in Orangeburg, South Carolina[1] – was not properly served with process and that Plaintiff fraudulently joined Defendant Henry's to defeat diversity jurisdiction. (ECF No. 7 at 5.) Alternatively, Plaintiff claims that Defendant Henry's was properly served because a Registered Agent signed the service. (ECF No. 5 at 4.) Moreover, Plaintiff claims that removal is improper because there is a "possibility" that a cause of action might be established against Defendant Henry's. (ECF No. 5 at 5.)

The United States Court of Appeals for the Fourth Circuit has determined that showing fraudulent joinder requires that "the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff

---

[1] The court notes that "Henry's SOC, LLC" is registered with the South Carolina Secretary of State.

4

would be able to establish a cause of action against the in-state defendant in the state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Accordingly, Defendants "bear a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424 (The Fourth Circuit also indicated that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

Defendants argue that fraudulent joinder is present in the instant case because Plaintiff has taken no action to enter default against Defendant Henry's. (ECF No. 7 at 5.) However, this argument does not articulate any outright fraud on the part of Plaintiff as to the jurisdictional facts. Thus, the court must only determine whether Plaintiff has any possibility of recovery against Defendant Henry's.

Defendants next argue that "[Plaintiff's] reliance on future discovery . . . would seem to be a tacit admission that [Plaintiff] presently has no evidentiary basis to support a premises liability claim against [Defendant] Henry's," and "the idea that future discovery may substantiate a claim against Henry's should not be found persuasive when this action has been pending for nearly a year and a half, during which [Plaintiff] has not discovered any such evidence." (ECF No. 7 at 6.) However, the court is not persuaded that Plaintiff has no chance at establishing a claim of premises liability against Defendant Henry's simply because of Defendants' impatience with the discovery process. *See Hartley*, 187 F.3d at 426 ("[t]here need only be a slight possibility of a right to relief").

Plaintiff states a valid cause of action for negligence against Defendant Henry's for "failure to have restraints or barricades blocking the loading area and a failure to have proper safety procedures in place for their premises." (No. 5:16-cv-01025-JMC, Docket No. 5 at 6.) As such,

5

the court finds that a question exists as to whether Defendant Henry's maintained its premises in a reasonably safe condition. Therefore, the court finds that Defendants have not satisfied the heavy burden necessary to show fraudulent joinder. *See Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

Nevertheless, the court recognizes the improper service of process between the parties. The court found that Plaintiff did not properly serve Defendant Henry's by failing to restrict delivery to the addressee or provide an effective date on the return receipt as required under South Carolina Rules of Civil Procedure Rule 4(d)(8). SCRCP 4(d)(8); *see* ECF No. 6-1. Under Federal Rules of Civil Procedure 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

On August 31, 2017, the court filed a Text Order requiring Plaintiff to properly serve Defendant by 12 p.m., Tuesday, September 5, 2017. (ECF No. 12.) The Text Order cited to both the South Carolina and Federal Rules of Civil Procedure regarding the appropriate service of process and this served as notice to Plaintiff of the potential dismissal of this action against Defendant Henry's. Plaintiff failed to provide the court with proof of proper service by the given deadline. Therefore, despite the court's conclusion that fraudulent joinder is not present in this case, because of Plaintiff's failure to abide by Fed. R. Civ. P. 4(m), the court dismisses the action without prejudice against Defendant Henry's. Consequently, the court retains diversity jurisdiction over this matter.

## IV. CONCLUSION

Based on the aforementioned reasons, Plaintiff's Motion to Remand (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 6, 2017
Columbia, South Carolina